# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| NEASON MCCLAIN,<br><br>　　　　　　　　　Petitioner,<br>　　v.<br>VICTORVILLE BOP FEDERAL CORRECTIONAL INSTITUTE 1, et al.,<br>　　　　　　　　　Respondents. | Case No. 2:23-cv-01081-GMN-BNW<br><br>**ORDER** |

*Pro se* Petitioner Neason McClain, who is incarcerated in a federal correctional institute located in California, filed a Petition for Writ of Habeas Corpus (ECF No. 2-1) under 28 U.S.C. § 2241. Because the Court lacks personal jurisdiction, the Court transfers this case to the Central District of California and closes this case.

**I.　Background**

Petitioner pled guilty in federal district court to two counts of violations of 18 U.S.C. § 922(g)(1) and 924(a)(2). *See USA v. McClain*, Case No. 2:20-cr-00309-JAD-EJY. The district court imposed concurrent sentences of 32 months per count that were also concurrent to a Nevada state case. *Id*. at ECF No. 46.

Petitioner alleges that in July 2022, he was released to Clark County Detention Center for a case in state court. ECF No. 2-1 at 5. The state court sentenced Petitioner to probation and in September 2022, he was transferred back into federal custody. *Id*. In October 2022, Petitioner was transferred to federal custody located in California. *Id*. Petitioner asserts that his federal sentenced ended on July 6, 2022. *Id*. at 6. He further asserts that a state court judge ruled that the time he spent in state custody would also be credited to his federal sentence. *Id*.

**II.　Discussion**

Under Habeas Rule 4, the assigned judge must examine the habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). This rule requires courts to screen and dismiss

petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. *Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998); *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases).

Federal courts are courts of limited jurisdiction. *Exxon Mobile Corp. v. Allapattah Servs.,Inc.,* 545 U.S. 546, 552 (2005). "Federal courts have authority to grant writs of habeas corpus 'within their respective jurisdictions.'" *Malone v. Calderon*, 165 F.3d 1234, 1237 (9th Cir. 1999) (quoting 28 U.S.C. § 2241); *Gouveia v. Espinda*, 926 F.3d 1102, 1108 (9th Cir. 2019). The law is well-established that jurisdiction over a federal habeas petition challenging present physical confinement exists only within the federal district where the petitioner is confined. *See, e.g., Rumsfeld v. Padilla*, 542 U.S. 443-47 (2004). Petitioner is not in custody in this district, and this Court accordingly lacks jurisdiction over the petition for habeas relief.

If a petitioner files a habeas petition with a district court that lacks jurisdiction, that court may transfer the petition to another district court with jurisdiction, "if it is in the interest of justice." 28 U.S.C. § 1631. Transfer, instead of dismissal, will be in the interest of justice "because dismissal of an action that could be brought elsewhere is "time consuming and justice defeating." *Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir. 1990). Because the petition could have been filed in the Central District of California, the Court transfers this habeas action there in the interests of justice.[1]

**IT IS THEREFORE ORDERED:**

1. Petitioner Neason McClain's Petition for Writ of Habeas Corpus under § 2241 (ECF No. 2-1) is TRANSFERRED to the United States District Court for the Central District of California.

2. The Clerk of the Court is directed to CLOSE THIS CASE.

DATED: August 9, 2023

_____
GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE

---

[1] The Court defers screening under Habeas Rule 4 to the transferee court.